UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JACQUELINE LEVON GOODRICH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:12CV02251 AGF |
| | ) | |
| MISSOURI DEPARTMENT OF | ) | |
| SOCIAL SERVICES, FAMILY | ) | |
| SUPPORT DIVISION, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Plaintiff Jacqueline Russell, acting pro se, brings this action under Title VII of the Civil Rights Act of 1964, § 701 *et seq.*, 42 U.S.C. § 2000e *et seq.*, and the Age Discrimination Employment Act of 1967 ("ADEA"), 29 U.S.C. § 623 (a) *et seq.*, alleging that her employer, Defendant Missouri Department of Social Services, Family Support Division ("MDSS") retaliated against her for filing a claim of discrimination on behalf of other employees. The case is now before the Court on Defendant's motion to dismiss for failure to state a claim upon which relief may be granted. In support of its motion, Defendant asserts that Plaintiff has not exhausted her remedies with respect to certain of her allegations and, with respect to all claims, fails to allege a material, adverse employment action as required to state a claim for retaliation under either Title VII or the ADEA. The motion is fully briefed, and upon consideration of the administrative charge, the complaint, the parties' arguments, and the applicable law, the Court will grant the motion to dismiss.

## I. Background

Plaintiff, an employee in MDSS' Human Resource Department, alleges that on April 30, 2012, acting on behalf of certain other employees, she reported to senior management that lower-level supervisors had engaged in discriminatory activities against those employees. In response, MDSS investigated these allegations and Plaintiff actively participated in that investigation. *See* Doc. No. 1 at 5.

Plaintiff further alleges that she experienced considerable anxiety and stress as a result of her participation in the investigation and concern for the employees who were targets of the alleged discrimination. Seeking respite from the stress and anxiety, Plaintiff took several days of leave beginning May 9, 2012. She was scheduled to have a confidential interview with the Office of Civil Rights on May 14, 2012 regarding the complaint she had filed on behalf of other employees. Prior to the interview, she requested that she receive Administrative Leave, with pay, for the duration of the investigation, stating that her participation in the investigation was causing her stress and anxiety. *Id.* at 22. Her request for paid leave was denied on the grounds that her employer did not grant leave for such purposes. *See id.* at 23. Plaintiff's supervisors informed her, however, that if she qualified for leave under the Family Medical Leave Act (the "FMLA") it would be granted. Plaintiff did not seek FMLA leave, but instead withdrew the next day from her participation in the investigation. Despite her withdrawal from the investigation, Plaintiff's distress continued and she contacted the MDSS employee assistance program for professional help. *See id.* at 6.

Plaintiff alleges that on August 6, 2012, several months after she withdrew from the

investigation, her supervisor told her that MDSS human resources managers had received complaints that other employees were talking to Plaintiff about alleged discrimination. Characterizing the reports as false and concerned that they would reflect badly on her, Plaintiff contacted a human resources manager who confirmed receiving reports that Plaintiff was counseling other employees regarding their claims of discrimination. The manager assured Plaintiff that there was no cause for concern if the reports were not true. Plaintiff alleges that she was concerned about it because she "believe[d] this was the beginning of retaliation towards [her]." *Id.* at 7-8. Plaintiff alleges that after this incident she was excluded from meetings, shunned, and treated without common courtesy by various managers. I*d*.

On August 30, 2012, Plaintiff filed a charge with the Missouri Human Rights Commission and the Equal Opportunity Employment Commission ("the EEOC") alleging retaliation for her previous reports of discrimination. On the administrative charge form Plaintiff checked the box for "Retaliation," and indicated that the discrimination began on April 30, 2012[1] and had continued through the date she filed the charge. Plaintiff also checked a box indicating that this was a "Continuing Action."

In her court Complaint, Plaintiff alleges that after the filing of the EEOC charge she experienced further retaliatory conduct. Specifically, she asserts that she attended a meeting where considerable time was spent discussing the obligation of employees to treat managers courteously. She believed that these admonitions were directed at her.

---

[1] Although Plaintiff marked 4/30/12 as the earliest date of discrimination, in the narrative portion she identifies this date as the date she "filed a written protected complaint on behalf of several other employees." *See* Doc. No. 1-1.

Plaintiff subsequently sought a lateral transfer, and alleges that in retaliation for her role in the reporting and investigation of the alleged discrimination against others, MDSS management failed to respond to her transfer request and continued to treat her discourteously. *See id*. at 9.

The EEOC issued Plaintiff a right to sue letter on October 15, 2012, and she filed this action on December 4, 2012. In addition to the allegations set forth above, Plaintiff states in the form portion of her complaint that she was retaliated against due to her reports of discrimination. In response to the question of when did the discrimination occur, Plaintiff responded, "April, 2012, was the complaint to HR Manager." *See id.* at 3. Defendant moved to dismiss the complaint, and in her response to the motion to dismiss, Plaintiff asserts two additional retaliatory actions not set forth in the EEOC charge or in her Complaint. Specifically, she asserts that in the time period after the filing of the discrimination claim, she received a performance evaluation with a score "lower than an (8)" and "was written up" in two "Employee Incident Reports." *See* Doc. No. 15 at 1-2.

## II. Standard of Review

In ruling on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) a court views the allegations of the complaint liberally and in the light most favorable to the non-moving party. *Unites States ex rel. Raynor v. Nat'l Rural Utils. Co-op. Fin. Corp.*, 690 F.3d 951, 955 (8th Cir. 2012). In addition, courts "must accept as true all facts pleaded by the non-moving party and grant all reasonable inferences from the pleadings in favor of the non-moving party." *Gallagher v. City of Clayton*, 699 F.3d 1013, 1016 (8th Cir. 2012) (internal quotation omitted). Further, in reviewing a *pro se* complaint, the

4

Court must give all allegations the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

To survive a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[L]abels and conclusions, or a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory," and "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [each element]." *Id.* at 562 & 556 (emphasis supplied) (internal quotation omitted).

## III. Discussion

### A. Exhaustion of Administrative Remedies

A party seeking redress under either Title VII or the ADEA is required "to give notice of all claims of discrimination in the administrative complaint." *Stuart v. Gen. Motors,* 217 F.3d 621, 630 (8th Cir. 2000); *see Forest v. Barnes Jewish Hosp.*, No. 4:07CV258-DJS, 2009 WL 877716, at *7-8 (E.D. Mo. Mar. 30, 2009). The pursuit of administrative remedies affords the EEOC the opportunity to investigate claims of employment discrimination and to work toward voluntary compliance and conciliation. *Parisi v. Boeing Co.*, 400 F.3d 583, 585 (8th Cir. 2005).

Once administrative remedies are exhausted, the plaintiff can bring his or her "employment-discrimination claim, along with allegations that are like or reasonably

5

related to that claim." *Id*. (citation omitted). When a plaintiff alleges retaliation in an EEOC charge and subsequently is subjected to further retaliation, claims based upon subsequent retaliatory acts will be deemed exhausted only if "[t]he claims . . . alleged in the complaint include the same type of ongoing retaliation alleged in the timely filed administrative charges." *Wedow v. City of Kansas City, Mo*., 442 F.3d 661, 674 (8th Cir. 2006); *see also Richter v. Advance Auto Parts, Inc.*, 686 F.3d 847, 852 n.1 (8th Cir. 2012) (recognizing this principle as a narrow "judicial exception to exhaustion doctrine"). Entirely new allegations not found in the plaintiff's charge of discrimination that appear for the first time in the district court complaint should be dismissed for failure to exhaust administrative remedies if the administrative charge does not provide notice that such charges would be raised. *See Richter*, 686 F.3d 847, 851-52 (8th Cir. 2012) (citing *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 108-09 (2002)).

In this case, the Court is satisfied that the assertions in Plaintiff's Complaint of continued shunning and discourteous conduct "include the same type of ongoing retaliation alleged in the timely filed administrative charges." *Wedow*, 442 F.3d at 674. Plaintiff's assertion that Defendants retaliated against her for failing to act on her transfer request, however, is "less like" the assertions of shunning and discourteous conduct in the administrative charge. As such, the Court is not persuaded that Plaintiff has exhausted her administrative remedies with respect to the allegations relating to the transfer request. *See Brooks v. Midwest Heart Group*, 655 F.3d 796, 801 (8th Cir. 2011) (holding that "[a]n employee may not bring allegations in a Title VII action if they go beyond those that could

6

reasonably be expected to grow out of the charge of discrimination filed with the EEOC").[2]

Plaintiff's assertions regarding the "lower than an (8)" performance rating and the incident report "write-ups," also are not included in her charge of discrimination or in her Complaint, and appear for the first time in her response to the motion to dismiss. If Plaintiff had included these allegations in her judicial Complaint, the Court would be required to consider whether these allegations include the same type of ongoing retaliation alleged in her administrative charge of retaliation. Because Plaintiff has not included these additional allegations in her Complaint – asserting them only in response to the motion to dismiss – no such analysis is necessary, and the Court concludes that Plaintiff failed to exhaust her administrative remedies with respect to allegations regarding the incident report "write-ups," and her "lower than an (8)" performance rating. The exhaustion doctrine does not require that judicial claims based upon subsequent retaliatory acts "mirror the administrative charges," but it does demand that those subsequent retaliatory acts be presented in the judicial complaint and not merely in argument or briefs. *See Duncan v. Delta Consol. Indus., Inc.,* 371 F.3d 1020, 1025 (8th Cir. 2004) (quoting *Cobb v. Stringer*, 850 F.2d 356, 359 (8th Cir. 1988)), abrogated on other grounds by *Torgerson v. City of Rochester*, 643 F.3d 1031 (8th Cir. 2011) (en banc).

B. **Alleging a Prima Facie Case of Retaliation**

Although Plaintiff alleges that she was subjected to illegal retaliation under two statutes, Title VII and the ADEA, the analysis under each statute is the same. *Worden v.*

---

[2] As discussed below, even if deemed sufficiently similar for purposes of exhaustion, these allegations are not sufficient to state a claim for retaliation.

*Interbake Foods, LLC*, No. 10-4118-KES, 2012 WL 3834836, at * 6 (D.S.D. Sep. 4, 2012); *compare Jackson v. United Parcel Service, Inc.*, 548 F.3d 1137, 1142 (8th Cir. 2008) (applying the *McDonnell Douglas* framework to a Title VII retaliation claim) *with Calder v. TCI Cablevision of Missouri, Inc.*, 298 F.3d 723, 728-29 (8th Cir. 2002) (applying the *McDonnell Douglas* framework to an ADEA retaliation claim). Under the applicable *McDonnell Douglas* framework, a plaintiff establishes a prima facie case of retaliation by showing that (1) she engaged in a protected activity, (2) she suffered an adverse employment action, and (3) there was a causal connection between the protected activity and the adverse employment action. *Pye v. Nu Aire, Inc.*, 641 F.3d 1011, 1021 (8th Cir. 2011).

Here Plaintiff alleges that she was retaliated against for reporting discriminatory conduct directed against other employees. Inasmuch as "[t]elling one's supervisor to stop discriminatory conduct is a basic form of protected activity," the Court is satisfied that Plaintiff has adequately alleged the first element of her claims. *Worden*, 2012 WL 3834836, at *7.

To succeed on her claim, Plaintiff also must allege that she suffered an adverse employment action as a result of engaging in protected activity. To do so, she must "'show that a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination.'" *AuBuchon v. Geithner,* No. 12-3991, slip op. at 5 (8th Cir. Feb. 26, 2014) (quoting *Burlington N. & Santa Fe R.R. Co. v. White*, 548 U.S. 53, 67 (2006) (quotations and citations omitted)). "[M]inor changes in

8

duties or working conditions, even unpalatable or unwelcome ones," do not, however, constitute adverse employment actions. *Lisdahl v. Mayo Found.*, 633 F.3d 712, 720 (8th Cir. 2011) (internal quotations and citations omitted). An adverse employment action "must be material, not trivial" and "the retaliation must produce some 'injury or harm.'" *AuBuchon,* No. 12-3991 at 8 (internal citations omitted) (collecting cases).

Specifically, the Eighth Circuit has held that actions like those Plaintiff alleges here do not result in "sufficient 'injury or harm'" to constitute material adverse employment actions. *Id.*; *see also, e.g., Lisdahl*, 633 F.3d at 721-22 (holding that denial of vacation time and public ridicule were not material adverse employment actions); *Littleton v. Pilot Travel Ctrs., LLC*, 568 F.3d 641, 644 (8th Cir. 2009) (holding that falsely reporting poor performance was not a material adverse employment action); *Clegg v. Ark. Dep't. of Corr.*, 496 F.3d 922, 929 (8th Cir. 2007) (holding that exclusion from meetings was not a material adverse employment action); *Hill v. City of Pine Bluff, Ark.*, 696 F.3d 709, 715 (8th Cir. 2012) (holding that a supervisor's warning that did not "threaten termination or other employment-related harm" did not constitute a material adverse material employment action).

As noted above, Plaintiff's allegation of failure to act on the transfer request is subject to dismissal for failure to exhaust administrative remedies. But even if Plaintiff had exhausted her remedies with respect to this allegation Plaintiff has failed to plead any facts showing that MDSS' handling of her transfer request amounts to an adverse employment action. She does not allege that the request for a lateral transfer was denied; only that she has received "no response" to her transfer request. *See* Doc. No. 1.

Moreover, even if MDSS had formally denied her lateral transfer request, such an action would not constitute an adverse employment action under Eighth Circuit law. *See Box v. Principi*, 442 F.3d 692, 696 (8th Cir. 2006) (concluding that a temporary reassignment involving no reduction in pay or benefits is not an adverse employment action); *Arnold v. St. Louis Metro. Police Dept. Bd. of Police Comm'rs*, No. 4:11-CV-01155 CDP, 2013 WL 147843, at *7 (E.D. Mo. Jan. 14, 2013) (holding that even if a supervisor blocks a transfer request this does not amount to a "materially adverse" employment action if it does not change plaintiff's working conditions, pay, or benefits in any tangible way).

With respect to the allegations regarding the "lower than (8) performance rating" and the incident report "write-ups," that are subject to dismissal for failure to exhaust administrative remedies, the Court also concludes that neither of these allegations is, as a matter of law, sufficient to plausibly allege an adverse employment action. Plaintiff does not allege that she received a poor performance review, only that the review was lower than she desired. Moreover, a poor performance rating does not constitute an adverse employment action provided it has no tangible effect upon the recipient's employment. *See Littleton*, 568 F.3d at 644; *see also Box*, 442 F.3d at 696. Assuming without deciding that a score of "8" is a poor performance rating, Plaintiff has offered no allegations that the review altered the terms or conditions of her employment. Similarly, Plaintiff also fails to allege any material employment disadvantage resulting from either "Employee Incident Report." *See Littleton*, 568 F.3d at 644.

## IV. **CONCLUSION**

On the basis of the foregoing, the Court concludes that neither the charge nor the

complaint establish "sufficient factual matter[s], which if accepted as true, 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678. (quoting *Twombly*, 550 U.S. at 570).

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion to dismiss the complaint in this action is **GRANTED**. (Doc. No. 12.)

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 27th day of February, 2014.